# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:11cr22-11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| LARRY MICHAEL WATKINS. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 262], filed June 11, 2012.

## I. PROCEDURAL BACKGROUND

On September 20, 2011, the Defendant was charged, along with ten co-defendants, with one count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 74]. The Bill of Indictment includes a Notice of Forfeiture and Finding of Probable Cause by the grand jury, providing that the Government intended to seek forfeiture of all property used to or intended to be used to facilitate the charged violation, all proceeds thereof, and any substitute property, including $3,856.00 in United States Currency and real property

located at 140 Sherrill Road, Bryson City, North Carolina ("Sherrill Road property"). [Id. at 2-3].

On December 12, 2011, the parties filed a Plea Agreement in which the Defendant agreed to enter a voluntary plea of guilty and to forfeit his interest in the property referenced in the Bill of Indictment. [Doc. 146 at 1, 3]. The Defendant specifically stipulated that he "has or had a possessory interest or other legal interest in each item or property" listed in the Bill of Indictment. [Id. at 3]. The Court accepted the Defendant's guilty plea on January 10, 2012. [Doc. 165].

On March 9, 2012, the Government moved for the entry of a Preliminary Order of Forfeiture, citing the allegations of the Bill of Indictment, the stipulations set forth in the Plea Agreement, and the Defendant's plea of guilty and consent to the proposed forfeiture. [Doc. 214]. On April 17, 2012, the Court denied the Government's Motion without prejudice, concluding that "the Defendant's consent alone does not establish the requisite nexus" between the property to be seized and the offense of conviction. [Doc. 220 at 3]. The Government now renews its Motion for a Preliminary Order of Forfeiture. [Doc. 262].

## II.  ANALYSIS

At the outset, the Government asks the Court to reconsider its prior ruling, arguing that "the admission by a defendant in a written plea agreement is normally sufficient proof of the [required] nexus." [Doc. 262 at 2]. In support of this argument, the Government cites United States v. Newman, 659 F.3d 1235 (9th Cir. 2011), cert. denied, 132 S.Ct. 1817 (2012), in which the Ninth Circuit stated that in finding the requisite nexus

> [t]he district court may rely on *factual statements* in the plea agreement. See Fed. R. Crim. P. 32.2(b)(1)(B) ("The court's determination may be based on evidence already in the record, including any written plea agreement...."). In most cases, an admission by the defendant suffices to prove the factual basis for criminal forfeiture. See Libretti [v. United States, 516 U.S. 29, 43, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995)] ("[W]e need not determine the precise scope of a district court's independent obligation, if any, to inquire into the propriety of a stipulated asset forfeiture embodied in a plea agreement."). Because the parties stipulated to an amount of forfeiture and agreed to its payment, the government did not have an independent obligation to offer detailed proof of that stipulated fact.

Id. at 1244-45 (emphasis added). The Ninth Circuit cautioned, however:

> But the existence of a stipulated amount of forfeiture does not necessarily suffice. The Supreme Court has expressly recognized the potential for abuse in situations like these: "We do not mean to suggest that a district court must simply accept a defendant's

3

> agreement to forfeit property, particularly when that agreement is not accompanied by a *stipulation of facts* supporting forfeiture, or when the trial judge for other reasons finds the agreement problematic." [Libretti, 516 U.S. at 43, 116 S.Ct. 356]. The district court has an independent duty to "determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). "The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Rule 32.2(b)(1)(B). If the court has good reason to believe that the proposed forfeiture order exceeds the amount authorized by statute (here, "proceeds"), then the court, in its discretion, may *inquire into the factual basis* for the proceeds.

Id. at 1245 (emphasis added).

Here, the Defendant's stipulations as set forth in the Plea Agreement, standing alone, are *not* sufficient to constitute a factual basis supporting criminal forfeiture. In his Plea Agreement, the Defendant agrees to the forfeiture of "each and every asset listed in the Bill of Indictment" and further stipulates that he "has or had a possessory interest or other legal interest in each item or property." [Doc. 146 at 3]. The Plea Agreement does not address the Defendant's ownership interest, if any, in the Sherrill Road property specifically. This type of generic stipulation is not sufficient to establish a factual basis for the proposed forfeiture of this specific property

4

pursuant to 21 U.S.C. § 853. This is particularly true in cases such as the present one where the government has obtained an indictment against multiple defendants and listed many items of property as being subject to forfeiture without regard to which defendant allegedly owns what property. The statement in the Plea Agreement that Defendant Watkins "has or had a possessory interest or other legal interest in the property" listed in the Bill of Indictment implies that all the listed property belongs to this Defendant. This is belied, however, by the Government's statements to the Court that different listed properties belong to different defendants. As such, the Defendant statement in his Plea Agreement is of no value whatsoever in establishing a factual basis for anything. It has been rendered to be no more than a meaningless, self-serving statement that the Government requested the Defendant to sign as a part of his plea.

Even if the Defendant were the only defendant named in the Indictment, the Plea Agreement at best establishes that the Defendant "has or had a possessory interest or other legal interest" in the Sherrill Road property. [Doc. 146 at 3].[1] In order to establish its entitlement to forfeiture of the Sherrill Road

---

[1] While the Defendant's ownership of the property is a matter that could have been established easily by reference to the public record, the Government offers no other evidence regarding the Defendant's interest in the subject property. The only other indication in the record regarding the nature of the Defendant's interest in the

property, however, the Government must establish: (1) that the property "constitut[es], or [is] derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation," 21 U.S.C. § 853(a)(1); (2) that the property constitutes "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation," 21 U.S.C. § 853(a)(2); or (3) that the property qualifies as "substitute property" under 21 U.S.C. § 853(p). Nothing in the Plea Agreement establishes an adequate factual basis for the Court to make any of these findings in this case.

In renewing its Motion for Preliminary Order of Forfeiture, the Government submits the Affidavit of Dan Guzzo, a Special Agent with the Drug Enforcement Administration. [Doc. 262-1]. Special Agent Guzzo states that law enforcement officers conducted controlled buys of crystal methamphetamine at 140 Sherrill Road on March 23, 2011 and March 28, 2011, and that on both occasions, the Defendant sold crystal methamphetamine to a person working for law enforcement. [Id.]. Special Agent Guzzo further states that a search conducted of the residence at 140

---

Sherrill Road property is a statement in the Affidavit of Special Agent Dan Guzzo that the Defendant is "the titled owner" of the property [Doc. 262-1]. The Affidavit fails to indicate, however, any basis for this naked assertion.

Sherrill Road on July 2, 2011 resulted in the seizure of approximately 103.4 grams of crystal methamphetamine. [Id.]. Special Agent Guzzo's Affidavit provides a sufficient factual basis for the Court to find that the Sherrill Road property was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation" within the meaning of 21 U.S.C. § 853(a)(2). Because, however, the Government has failed to establish that the Sherrill Road property was the *Defendant's* property, see 21 U.S.C. § 853(a)(2) ("any of the *person's* property") (emphasis added), the Government's Motion for Preliminary Order of Forfeiture is denied without prejudice.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 262] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: July 2, 2012

Martin Reidinger
United States District Judge